UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPHINE ELVA McKELLIPS,

          Plaintiff,

    vs.

FRANCISCAN HEALTH SYSTEM d/b/a
ST. ANTHONY HOSPITAL,

          Defendant.

Case No.

NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant FRANCISCAN HEALTH SYSTEM, a Washington Corporation d/b/a ST. ANTHONY HOSPITAL, pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b) hereby gives formal notice of removal of this action to the United States District Court for the Western District of Washington at Tacoma from King County Superior Court. The removal of this action is premised upon original jurisdiction. Defendant states the following grounds for removal:

    1.     Plaintiff Josephine McKellips filed her Complaint for Damages in the Superior Court of the State of Washington for King County on October 26, 2012. On October 30, 2012, Plaintiff served a Summons and Complaint on Defendant Franciscan Health System, a Washington Corporation d/b/a St. Anthony Hospital. Defendant filed an Answer on November 15, 2012.

NOTICE OF REMOVAL - Page 1

1    2.      Plaintiff filed a Motion For Leave to File an Amended Complaint on January

2  11, 2013.

3    3.      The Superior Court for the State of Washington for King County issued an

4  Order Granting Leave to Amend Complaint on January 24, 2013.

5    4.      Defendant filed its Answer to the Amended Complaint on February 1, 2013.

6  Copies of all pleadings on file with the King County Superior Court are attached hereto as

7  **Exhibit A.**

8    5.      Removal is timely under 28 U.S.C. § 1446(b) as this removal has occurred

9  within thirty days of the date on which the Amended Complaint was allowed to be filed.

10    6.      Defendant Franciscan Health System is represented by the undersigned counsel

11  at Bennett, Bigelow, & Leedom, P.S. and Polsinelli Shughart PC.

12    7.      This Court has original jurisdiction over this action under 28 U.S.C. § 1331 as

13  Plaintiff's Amended Complaint contains a claim pursuant to Title VII of the Civil Rights Act

14  of 1964, 42 U.S.C. 2000e *et.seq.* The original complaint did not contain any federal claims.

15    8.      Pursuant to 28 U.S.C. § 1367 this Court has supplemental jurisdiction over the

16  state law claims alleged in Plaintiff's Complaint.

17    9.      Venue is proper in this District and in Tacoma because the claims arose in

18  Pierce County, Washngton.

19    10.    Defendant hereby removes the case from King County Superior Court to the

20  United States District Court for the Western District of Washington at Tacoma.

21    11.    Promptly upon filing this Notice of Removal, Defendant will provide written

22  notice to the Plaintiff in accordance with 28 U.S.C. § 1446(c). Defendant will likewise file a

23  copy of the Notice of Removal with the Clerk of the King County Superior Court.

24    12.    By seeking removal, Defendant does not waive any defenses.

25    13.    Defendant reserves the right to amend or supplement this Notice of Removal.

26

NOTICE OF REMOVAL - Page 2

1      WHEREFORE, having fulfilled the statutory requirements of removal of this action,

2 Defendant hereby removes this action.

3

4 DATED this 12 day of February, 2013.

5                     BENNETT BIGELOW & LEEDOM, P.S.

6

7                     By:/s/Michael Madden

8                         Michael Madden (WSBA #8747)

9                         Email: mmadden@bbllaw.com
                        601 Union Street, Suite 1500
                        Seattle, WA 98101

10                         Telephone: (206) 622-5511
                        Facsimile: (206) 622-8986

11

12                     POLSINELLI SHUGHART PC

13

14

15                     By:/s/Karen R. Glickstein

16                         Karen R. Glickstein (MO Bar #37083)
                        Email: kglickstein@polsinelli.com
                        Twelve Wyandotte Plaza

17                         120 W. 12th Street, Ste. 1600
                        Kansas City, MO 64105

18                         Telephone: (816) 421-3355
                        Facsimile: (816) 374-0509

19

20

21                     ATTORNEYS FOR DEFENDANT

22

23

24

25

26

NOTICE OF REMOVAL - Page 3

**CERTIFICATE OF SERVICE**

I hereby certify that on February _12_, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys

> Daniel Kalish (WSBA No. 35815)
> Lisa A. Burke (WSBA No. 42859)
> HKM Employment Attorneys PLLC
> 1325 Fourth Avenue, Suite 540
> Seattle, WA 98101
> Telephone: (206) 838-2504
> Fax: (206) 260-3055
> Email: dkalish@hkm.com
> Email: lburke@hkm.com
>
> ATTORNEYS FOR PLAINTIFF

/s/Michael Madden
Attorneys for Defendant Franciscan Health System

{1852.00053/M0759750.DOCX; 1}

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511  F: (206) 622-8986

Exhibit A

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| JOSEPHINE ELVA MCKELLIPS, | NO. 12-2-34973-8 SEA |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | |
| FRANCISCAN HEALTH SYSTEM, D.B.A ST. ANTHONY HOSPITAL, | |
| Defendant. | |

## I.   INTRODUCTION

1.1     Plaintiff Josephine Elva McKellips ("McKellips" or "Plaintiff") requests

damages and attorneys' fees and costs for the wrongful conduct of Franciscan Health System

d.b.a. St. Anthony Hospital ("Defendant" or "SAH").  Defendant terminated McKellips'

employment for illegal and discriminatory reasons causing severe damages.

//

//

//

COMPLAINT FOR DAMAGES - 1

## II. JURISDICTION AND VENUE

2.1    This Court has jurisdiction over this action pursuant to RCW 49.60, and since some of the actions by Defendant alleged in this Complaint occurred in the State of Washington.

2.2    Venue is proper because the Defendant transacts business and has agents within King County and Washington State.  The Plaintiff currently resides in San Diego, California.

## III. PARTIES

3.1    Plaintiff is an individual residing in San Diego, California.  Plaintiff was employed by Defendant in Pierce County, Washington during the relevant time period.

3.2    Defendant is a nonprofit organization, incorporated in the state of Washington. Defendant conducts business throughout King and Pierce Counties and Washington State.

## IV. FACTS

4.1    McKellips was a key contributor of SAH's talented team.  After joining the company in September of 2011, McKellips was recognized for her talents and initiatives.  In fact, prior to reporting her pregnancy and disability, McKellips received superlative performance evaluations and was consistently lauded for her efforts.

4.2    McKellips became aware that she was pregnant in or around October 2011, shortly after starting her employment with SAH.  At that time, McKellips did not immediately announce her pregnancy.  McKellips wanted to wait and announce her

COMPLAINT FOR DAMAGES - 2

HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

pregnancy when it was safe to do so. Thus, from October 2011 to January 2012, McKellips continued to work and excel at SAH.

4.3    In January 2012, as McKellips began her second trimester, she informed her supervisor, Lynn Barrett, that she was expecting a child. McKellips explained to Ms. Barrett that her child would be due around mid July 2012. She also informed Ms. Barrett that the pregnancy would not affect her work ethic. At that time, McKellips had a perfect performance record.

4.5    In February 2012, McKellips' work schedule began to fluctuate, due to changing department needs. As a result, McKellips morning clock-in times changed, as did her offsite meeting times. McKellips was always willing to adjust her working hours and conditions to meet SAH's needs; she never complained and never expected to receive special treatment on account of her pregnancy.

4.6    As her pregnancy progressed, throughout March and April 2012, McKellips began to experience great pain in her pelvis. The pain was so great at times that McKellips was immobilized and unable to walk. As a result of this pain, McKellips had to pace herself when she walked from the office parking lot into the office each day. The walk was so considerable for McKellips that she often had to take breaks during the walk just to make it into the office on time.

COMPLAINT FOR DAMAGES - 3

HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

4.7 In April 2012, Ms. Barrett began to grow impatient with McKellips and her pregnancy. On numerous occasions, Ms. Barrett urged Ms. McKellips to resign, told her that "she should be at home with her other children", and even offered to demote her to a part-time position. On one specific occasion, Ms. Barrett actually gave McKellips a resignation letter and asked her to simply "sign-it." McKellips was always polite in refusing these repeated, offensive, and illegal comments and requests. When it was clear to Ms. Barrett that McKellips was not going to resign her position or voluntarily reduce her working hours, on account of her pregnancy, Ms. Barrett decided to take matters into her own hands.

4.8 From March to May 2012, Ms. Barrett repeatedly chastised McKellips for arriving to work 1-2 minutes late. Ms. Barrett was so determined to find a "legitimate reason" to terminate McKellips' employment that she retroactively wrote McKellips up for alleged tardies. No other employee was subject to this type of treatment or retroactive punishment.

4.9 Each time McKellips was hauled into Human Resources to answer to Ms. Barrett's frivolous tardy allegations, she reiterated to Ms. Barrett that policy was not being applied to her the way it was to other employees. In fact, McKellips was being singled out and treated differently because of her pregnancy.

4.10 Moreover, when McKellips tried to explain to Ms. Barrett that her few 1-2 minute tardies could be explained by her pregnancy complications, complications that inflamed her pelvis and made it impossible for her to walk the lengthy distance to the

COMPLAINT FOR DAMAGES - 4

HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

building each day at the same pace as her colleagues, Ms. Barrett appeared largely disinterested.

4.11    While McKellips was able to arrive at work early, and start walking to the building earlier, she simply could not get into the building as fast as the others when she was returning from offsite meetings. Moreover, with her constant schedule changes, it was often hard to predict how early she would have to arrive at work to make the walk, without suffering additional injuries to her pelvis or in harming her unborn child.

4.12    McKellips even presented Ms. Barrett with a doctor's note, a note stating that McKellips condition was so severe that she would be required to take maternity leave 2 months early and be accommodated in the interim to reduce pelvic inflammation. McKellips pleaded with Ms. Barrett to allow her to park closer to the building, which would have helped her make it into the building quicker and reduced the pelvic pain associated with lengthy walking to and from the parking lot. Ms. Barrett unequivocally refused. Ms. Barrett told McKellips that, "pain is a part of every pregnancy" and that if she had "suggestions" about changes at work, she should "put them in the suggestion box."

4.13    Ms. Barrett's constant berating tone and discriminating demeanor towards McKellips also began to affect the staff's tone and demeanor towards McKellips. McKellips was told by colleagues that she "was a burden because of her pregnancy." She was also repeatedly told that she should just quit her job and go home to her children. Throughout this period, McKellips was made to suffer extreme physical and emotional distress.

COMPLAINT FOR DAMAGES - 5

4.14   On May 25, 2012, approximately five days before McKellips' doctor approved maternity leave was scheduled to start, SAH terminated McKellips.

4.15   Defendant failed to engage in any analysis as to whether the additional 1-2 minutes of walking to work or parking closer to the building to reduce walk time was a reasonable accommodation in light of McKellips severe pelvic inflammation and pregnancy complications.

## V.   CAUSES OF ACTION

5.1   Plaintiff realleges paragraphs 1.1 through 4.15 of the Complaint and hereby incorporates the same by reference.

5.2   The above facts state claims against Defendant for disability discrimination and failure to accommodate, in violation of RCW 49.60 *et. seq.*, the Washington Law Against Discrimination.

5.3   The above facts state claims against Defendant for gender and pregnancy discrimination, in violation of RCW 49.60 *et. seq.*, the Washington Law Against Discrimination.

5.4   Defendant's conduct thereby entitles Plaintiff to compensatory damages including damages for lost pay and benefits, emotional distress, and attorneys' fees and costs.

//

//

//

COMPLAINT FOR DAMAGES - 6

HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

# VI.   PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief as follows:

A.   Damages for back pay, front pay, lost benefits, and medical expenses in an
amount to be proved at trial;

B.   Damages for loss of enjoyment of life, pain and suffering, mental anguish,
emotional distress, and humiliation;

C.   Prejudgment interest in an amount to be proved at trial;

D.   Compensation for any tax penalty associated with a recovery;

E.   Reasonable attorneys' fees and costs; and

F.   Whatever further and additional relief the court shall deem just and equitable.


Respectfully submitted this 26th day of October, 2012.


HKM EMPLOYMENT ATTORNEYS PLLC

*s/Daniel Kalish*
DANIEL KALISH, WSBA #35815
*s/Lisa Burke*
LISA A. BURKE, WSBA #42859
**HKM EMPLOYMENT ATTORNEYS PLLC**
1325 Fourth Avenue, Suite 540
Seattle, WA 98101
Telephone: 206-838-2504
Fax: 206-260-3055
E-mail: dkalish@hkm.com
E-mail: lburke@hkm.com
*Attorneys for Josephine Elva McKellips*

COMPLAINT FOR DAMAGES - 7

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| JOSEPHINE ELVA MCKELLIPS, | NO. 12-2-34973-8 SEA |
| Plaintiff, | **SUMMONS** (20 day) |
| vs. | |
| FRANCISCAN HEALTH SYSTEM, D.B.A. ST. ANTHONY HOSPITAL, | |
| Defendant. | |

**TO: FRANCISCAN HEALTH SYSTEM, D.B.A. ST. ANTHONY HOSPITAL**

A lawsuit has been started against you. A copy of the Plaintiff's complaint accompanies this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what she asks for because you have not responded. If you serve a notice of

SUMMONS FOR FRANCISCAN
HEALTH SYSTEM - 1

HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

appearance on the undersigned person, you are entitled to notice before the judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this 26th day of October, 2012.

HKM EMPLOYMENT ATTORNEYS PLLC

*s/Daniel Kalish*
DANIEL KALISH, WSBA #35815
*s/Lisa Burke*
LISA A. BURKE, WSBA #42859
HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, WA 98101
Telephone: 206-838-2504
Fax: 206-260-3055
E-mail: dkalish@hkm.com
E-mail: lburke@hkm.com
*Attorneys for Josephine Elva McKellips*

SUMMONS FOR FRANCISCAN
HEALTH SYSTEM - 2

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

JOSEPHINE ELVA MCKELLIPS,

          Plaintiff,

   vs.

FRANCISCAN HEALTH SYSTEM, d/b/a ST.
ANTHONY HOSPITAL,

          Defendant.

CASE NO. 12-2-34973-8

ANSWER

COMES NOW Defendant Franciscan Health System, d/b/a St. Anthony Hospital ("Defendant" or "The Hospital"), by and through its attorneys of record, and for its Answer to Plaintiff's Complaint for Damages states as follows:

## I.   **INTRODUCTION**

1.1    Defendant admits that Plaintiff has filed a Complaint for Damages. Defendant denies that any illegal or discriminatory conduct occurred or that any cause of action exists and further denies that Plaintiff is entitled to any damages. Defendant denies any remaining allegations contained in Paragraph 1.1 of Plaintiff's Complaint.

## II.   **JURISDICTION AND VENUE**

2.1    Defendant admits that Plaintiff was employed in the State of Washington and denies the remaining allegations contained in Paragraph 2.1 of Plaintiff's Complaint.

2.2    Defendant is without sufficient information to admit or deny the allegations

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

1 regarding Plaintiff's current residence and, therefore, denies each such allegation. Defendant

2 admits that venue is proper in this Court and that Franciscan Health Services transacts

3 business and has agents in King County and in Washington State. Defendant denies any

4 remaining allegations contained in Paragraph 2.2 of Plaintiff's Complaint.

### III.  PARTIES

6     3.1     Defendant is without sufficient information to admit or deny the allegations

7 regarding Plaintiff's current residence and, therefore, denies each such allegation. Defendant

8 admits that it previously employed Plaintiff in Pierce County, Washington.

9     3.2     Defendant admits the allegations contained in Paragraph 3.2 of Plaintiff's

10 Complaint.

### IV.  FACTS

12     4.1     Defendant admits that McKellips began her employment at the Hospital in

13 September 2011. Defendant denies the remaining allegations contained in Paragraph 4.1 of

14 Plaintiff's Complaint.

15     4.2     Defendant is without sufficient information to admit or deny at what point

16 Plaintiff became aware that she was pregnant and, therefore, denies those allegations.

17 Defendant admits that Plaintiff worked at the Hospital between October 2011 and January

18 2012 and denies any remaining allegations contained in Paragraph 4.2 of Plaintiff's

19 Complaint.

20     4.3     Defendant admits that Plaintiff notified her supervisor that she was pregnant at

21 some point during Plaintiff's pregnancy and that her due date was in approximately mid-July

22 2012. Defendant denies the remaining allegations contained in Paragraph 4.3 of Plaintiff's

23 Complaint.

24

25

26

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington  98101-1363
T: (206) 622-5511  F: (206) 622-8986

4.5[1]   [sic] Defendant denies the allegations contained in Paragraph 4.5 of Plaintiff's Complaint.

4.6   Defendant is without sufficient information to admit or deny the allegations regarding alleged pain Plaintiff experienced in her pelvis and, therefore, denies the allegations contained in Paragraph 4.6 of Plaintiff's Complaint.

4.7   Defendant denies the allegations contained in Paragraph 4.7 of Plaintiff's Complaint.

4.8   Defendant admits that Barrett counseled McKellips throughout her employment regarding tardiness issues.  Defendant denies the remaining allegations contained in Paragraph 4.8 of Plaintiff's Complaint.

4.9   Defendant denies the allegations contained in Paragraph 4.9 of Plaintiff's Complaint.

4.10   Defendant denies the allegations contained in Paragraph 4.10 of Plaintiff's Complaint.

4.11   Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 4.11 of Plaintiff's Complaint and, therefore, denies each such allegation contained in Paragraph 4.11 of Plaintiff's Complaint..

4.12   Defendant admits that Barrett provided a doctor's note regarding her anticipated maternity leave.  Defendant denies the remaining allegations contained in Paragraph 4.12 of Plaintiff's Complaint.

4.13   Defendant denies the allegations contained in Paragraph 4.13 of Plaintiff's Complaint.

4.14   Defendant admits that Plaintiff was discharged on May 25, 2012 and that her doctor had submitted a note asking for her maternity leave to begin on or about May 30, 2012.

_____

[1] Plaintiff's Complaint does not contain a Paragraph 4.4.

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511  F: (206) 622-8986

1  Defendant denies any remaining allegations contained in Paragraph 4.14 of Plaintiff's
2  Complaint.

3      4.15    Defendant denies the allegations contained in Paragraph 4.15 of Plaintiff's
4  Complaint.

## V.   CAUSES OF ACTION

6      5.1    To the extent that Paragraph 5.1 of Plaintiff's Complaint purports to
7  incorporate previous allegations, Defendant hereby incorporates its previous answers,
8  including all denials.

9      5.2    Defendant denies the allegations contained in Paragraph 5.2 of Plaintiff's
10 Complaint.

11     5.3    Defendant denies the allegations contained in Paragraph 5.3 of Plaintiff's
12 Complaint.

13     5.4    Defendant denies the allegations contained in Paragraph 5.4 of Plaintiff's
14 Complaint.

15     WHEREFORE, having fully answered the allegations contained in Plaintiff's
16 Complaint, Defendant Franciscan Health System respectfully requests that this Court issue its
17 Order granting judgment in its favor, for its costs and fees incurred herein, and for all such
18 further relief as this Court deems just and proper.

## VI.   PRAYER FOR RELIEF

20     Defendant denies that Plaintiff is entitled to any damages and further denies that
21 Plaintiff's Complaint states any claim.

## VII.   AFFIRMATIVE DEFENSES

23     1.    Each and every count contained in Plaintiff's Complaint fails to state a claim
24 upon which relief may be granted.

25     2.    Plaintiff's claims are barred because any and all actions taken by Defendant
26 relating to Plaintiff's employment were taken for lawful, nondiscriminatory and/or other

ANSWER - Page 4

1  legitimate business reasons, unrelated to her gender, pregnancy, or any alleged disability, or

2  any other prohibited consideration.

3      3.    If Plaintiff sustained damages, which is specifically denied, such injuries were

4  caused by others and not caused by Defendant.

5      4.    Plaintiff has failed to mitigate her damages, if any.

6      5.    This court lacks jurisdiction over Plaintiff's claims because she has failed to

7  exhaust her administrative remedies.

8      6.    Plaintiff's claims are barred by the doctrines of waiver, laches, res judicata,

9  and/or estoppel.

10     7.    To the extent Plaintiff's claims are based in whole or in part upon a "mixed

11  motive" claim and the finder of fact determines, based upon legally sufficient evidence, that

12  either gender, pregnancy or plaintiff's alleged disability, was a motivating factor in any

13  employment decision at issue (which Defendant absolutely denies), Defendant is entitled to

14  judgment, in whole or in part, because the same employment decisions would have been made

15  irrespective of whether these characteristics were considered.

16     8.    Plaintiff's claims are barred by all applicable statutes of limitation.

17     9.    Defendant denies that it engaged in any wrongful or unlawful conduct and

18  denies that Plaintiff is entitled to any legal and/or equitable relief.

19     10.   Plaintiff's claims are barred because Defendant is exempt from the provisions

20  of the Washington Law Against Discrimination, RCW 49.60, *et seq*.

21     11.   Plaintiff is not a disabled individual as that term is defined in the Washington

22  Law Against Discrimination.

23     12.   Any alleged disability possessed by the Plaintiff could not be reasonably

24  accommodated by Defendant.

25     13.   Plaintiff's claims for relief are barred because Defendant exercised reasonable

26  care in promulgating and distributing a comprehensive equal employment and non-

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511  F: (206) 622-8986

harassment/discrimination policy and complaint procedure and Plaintiff failed to reasonably take advantage of the corrective or preventative opportunities provided by Defendant or otherwise avoid harm.

14.    Defendant reserves the right to respond further and to assert any additional affirmative defenses as they become evident through discovery or investigation, including the defense of after acquired evidence.

DATED this 15th day of November, 2012.

BENNETT BIGELOW & LEEDOM, P.S.

By _____
Michael Madden, WSBA #8747
Attorneys for Defendants

ANSWER - Page 6

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify under penalty of perjury under the laws of the State of Washington, that I am now, and at all times material hereto, a resident of the State of Washington, over the age of 18 years, not a party to, nor interested in, the above-entitled action, and competent to be a witness herein. I caused a true and correct copy of the foregoing pleading to be served this date, in the manner indicated, to the parties listed below:

Daniel Kalish, WSBA #35815
Lisa Burke, WSBA #42859
HKM Employment Attorneys PLLC
1325 Fourth Avenue, Ste 540
Seattle, WA 98101
Fax: (206) 260-3055
email: dkalish@hkm.com
lburke@hkm.com

☐ Hand Delivered
☐ Facsimile
☒ U.S. Mail
☐ Email
☐ CM/ECF

Dated this 15th day of November, 2012, at Seattle, Washington.

_____
Gerri Downs
Legal Assistant

{1852.00053/M0717627.DOCX; 1}

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

COPY RECEIVED
TIME _9:46_ BY _Clar_

JAN 11 2013

BENNETT BIGELOW
& LEEDOM

The Honorable Julie Spector

## SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR KING COUNTY

| | |
|---|---|
| JOSEPHINE ELVA MCKELLIPS,<br><br>        Plaintiff,<br><br>vs.<br><br>FRANCISCAN HEALTH SYSTEM, D.B.A<br>ST. ANTHONY HOSPITAL,<br><br>        Defendant. | NO. 12-2-34973-8 SEA<br><br>PLAINTIFF'S MOTION FOR<br>LEAVE TO FILE FIRST AMENDED<br>COMPLAINT FOR DAMAGES<br><br>**NOTED FOR HEARING: January<br>23, 2013**<br><br>**[CLERK'S ACTION REQUIRED]** |

## I.     INTRODUCTION

Plaintiff, Josephine Elva McKellips, respectfully requests the Court grant her motion for leave to file her first amended complaint to add claims of disability discrimination and gender discrimination under Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et. seq.*

## II.     STATEMENT OF THE FACTS

Plaintiff filed her complaint for damages on October 26, 2012, alleging unlawful discrimination based on gender, pregnancy, and disability.

PLAINTIFF'S MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT
FOR DAMAGES - 1

HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

Plaintiff's existing claims, contained in Plaintiff's Complaint for Damages, raise causes of action based on the Washington Law Against Discrimination ("WLAD"). Plaintiff's Proposed First Amended Complaint raises additional federal claims for gender, pregnancy, and disability discrimination under Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et. seq.*

Discovery is ongoing in this matter; however, depositions have yet to occur. It is more than twelve months until the close of discovery in this case, and approximately nine months before the parties are required to list primary witnesses. The trial date in this matter is currently set for March 3, 2014.

### III. ISSUE PRESENTED

CR 15(a) declares that leave to amend "should be freely given when justice so requires." The United States Supreme Court has held that "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Given that independent statements and evidence may support her claims for gender, pregnancy, and disability discrimination under Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et. seq.*, should the Court grant Plaintiff's motion for leave to amend her complaint for damages? The answer is yes.

### IV. AUTHORITY AND ARGUMENT

Under CR 15(a), leave to amend shall be freely given when justice so requires. In reversing a trial court's denial of a motion for leave to amend under a comparable federal

HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

rule, the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962), said:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

*Tagliani v. Colwell*, 10 Wn. App. 227, 233, 517 P.2d 207 (1973) *citing Foman v. Davis* 371 U.S. 178 (1962).

Like *Foman*, underlying facts relied upon by Plaintiff may be a proper subject for relief under Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et. seq.* Moreover, Plaintiff has not delayed in seeking amendment. Plaintiff filed a charge with the United States Equal Employment Opportunity Commission and received her Notice of Right to Sue on December 21, 2012. *Burke Decl.* ¶ 2. Plaintiff's proposed motion to amend was discussed with opposing counsel shortly thereafter. *Id.* Defendant does not oppose Plaintiff's motion to for leave to amend her complaint for damages. *Id.*

No basis exists to deny Plaintiff's motion. There is no undue delay, bad faith or dilatory motive at play. Plaintiff only recently obtained her Right to Sue letter, permitting her to seek relief under Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et. seq.*

HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

## V.   CONCLUSION

Pursuant to CR 15(a) and the U.S. Supreme Court, Plaintiff's motion to amend to add her claims under Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et. seq.* should be granted.

Respectfully submitted this 11th day of January, 2013.


*s/ Lisa A. Burke,* WSBA No. 42859
Lisa A. Burke, WSBA No. 42859
**HKM EMPLOYMENT ATTORNEYS PLLC**
1325 Fourth Avenue, Suite 540
Seattle, WA 98101
Telephone: 206-838-2504
Fax: 206-838-2505
E-mail: lburke@hkm.com

*Attorneys for Plaintiff McKellips*

PLAINTIFF'S MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT
FOR DAMAGES - 4

HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2013, I e-filed the foregoing document with the

Clerk of the Court. I also served upon counsel of record, at the address stated below, via the

method of service indicated, a true and correct copy of this same document:

Michael Maddon
Bennett Bigelow & Leedom, P.S.              __X__ Legal Courier
601 Union St., Suite 1500                   _____ U.S. Mail (first-class, postage prepaid)
Seattle, WA 98101-1363                      __X__ E-Mail
Tel: 206-622-5511                           _____ Facsimile
Email: mmadden@bbllaw.com


Karen R. Glickstein
Polsinelli Shughart PC                      _____ Legal Courier
120 West 12th St., Suite 1600               _____ U.S. Mail (first-class, postage prepaid)
Kansas City, MO 64105                       __X__ E-Mail
Tel: 816-395-0638                           _____ Facsimile
Email: kglickstein@polsinelli.com
*Attorney Pro Hac Vice*


Lynn Trevino-Legler
Polsinelli Shughart PC                      _____ Legal Courier
120 West 12th St., Suite 1600               _____ U.S. Mail (first-class, postage prepaid)
Kansas City, MO 64105                       __X__ E-Mail
Tel: 816-360-4353                           _____ Facsimile
Email: ltrevinolegle@polsinelli.com
*Attorney Pro Hac Vice*

I declare under penalty of perjury under the laws of the State of Washington that the

foregoing is true and correct.

DATED this 11th day of January 2013, at Seattle, Washington.

*s/Soula Jones*
Soula Jones, Paralegal

PLAINTIFF'S MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT
FOR DAMAGES - 5

COPY RECEIVED

TIME_____BY_____

JAN 25 2013

BENNETT BIGELOW
& LEEDOM

The Honorable Julie Spector

# SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR KING COUNTY

JOSEPHINE ELVA MCKELLIPS,

         Plaintiff,

vs.

FRANCISCAN HEALTH SYSTEM, D.B.A
ST. ANTHONY HOSPITAL,

         Defendant.

NO. 12-2-34973-8 SEA

[PROPOSED] ORDER
GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT
FOR DAMAGES

THIS MATTER came before the Court on Plaintiffs' Motion For Leave To File First

Amended Complaint. The Court reviewed the following documents:

1. Plaintiff's Motion for Leave to File First Amended Complaint;

2. Declaration of Lisa A. Burke in Support of Plaintiff's Motion for Leave to File First
   Amended Complaint;

3. Plaintiff's First Amended Complaint For Damages;

4. Opposition papers, if any, by Defendants; and

5. Reply Papers, if any, by Plaintiff.

IT IS HEREBY ORDERED that Plaintiffs' Motion For Leave To File First Amended

Complaint is GRANTED.

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
FOR DAMAGES - 1

ORIGINAL

HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

Dated: January 23, 2013

_____
THE HONORABLE JULIE SPECTOR

Respectfully presented by:

_s/ Lisa Burke,_ WSBA #42859
Lisa Burke, WSBA #42859
**HKM EMPLOYMENT ATTORNEYS PLLC**
1325 Fourth Avenue, Suite 540
Seattle, WA 98101
Telephone: 206-838-2504
Fax: 206-838-2505
E-mail: Lburke@hkm.com
_Attorneys for Plaintiff McKellips_

[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
FOR DAMAGES - 2

HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

COPY RECEIVED
TIME 2:46 BY Oen

JAN 11 2013

BENNETT BIGELOW
& LEEDOM

The Honorable Julie Spector

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

JOSEPHINE ELVA MCKELLIPS,

                Plaintiff,

vs.

FRANCISCAN HEALTH SYSTEM, D.B.A
ST. ANTHONY HOSPITAL,

                Defendant.

NO. 12-2-34973-8 SEA

**FIRST AMENDED COMPLAINT
FOR DAMAGES**

## I.    INTRODUCTION

1.1    Plaintiff Josephine Elva McKellips ("McKellips" or "Plaintiff") requests

damages and attorneys' fees and costs for the wrongful conduct of Franciscan Health System

d.b.a. St. Anthony Hospital ("Defendant" or "SAH"). Defendant terminated McKellips'

employment for illegal and discriminatory reasons causing severe damages.

    //

    //

    //

FIRST AMENDED COMPLAINT FOR DAMAGES - 1

HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

## II.  JURISDICTION AND VENUE

2.1    This Court has jurisdiction over this action pursuant to RCW 49.60, and since

some of the actions by Defendant alleged in this Complaint occurred in the State of

Washington.

2.2    Venue is proper because the Defendant transacts business and has agents

within King County and Washington State.  The Plaintiff currently resides in San Diego,

California.

## III.  PARTIES

3.1    Plaintiff is an individual residing in San Diego, California.  Plaintiff was

employed by Defendant in Pierce County, Washington during the relevant time period.

3.2    Defendant is a nonprofit organization, incorporated in the state of Washington.

Defendant conducts business throughout King and Pierce Counties and Washington State.

## IV.  FACTS

4.1    McKellips was a key contributor of SAH's talented team.  After joining the

company in September of 2011, McKellips was recognized for her talents and initiatives.  In

fact, prior to reporting her pregnancy and disability, McKellips received superlative

performance evaluations and was consistently lauded for her efforts.

4.2    McKellips became aware that she was pregnant in or around October 2011,

shortly after starting her employment with SAH.  At that time, McKellips did not

immediately announce her pregnancy.  McKellips wanted to wait and announce her

FIRST AMENDED COMPLAINT FOR DAMAGES - 2

HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

pregnancy when it was safe to do so. Thus, from October 2011 to January 2012, McKellips continued to work and excel at SAH.

4.3     In January 2012, as McKellips began her second trimester, she informed her supervisor, Lynn Barrett, that she was expecting a child. McKellips explained to Ms. Barrett that her child would be due around mid July 2012. She also informed Ms. Barrett that the pregnancy would not affect her work ethic. At that time, McKellips had a perfect performance record.

4.5     In February 2012, McKellips' work schedule began to fluctuate, due to changing department needs. As a result, McKellips morning clock-in times changed, as did her offsite meeting times. McKellips was always willing to adjust her working hours and conditions to meet SAH's needs; she never complained and never expected to receive special treatment on account of her pregnancy.

4.6     As her pregnancy progressed, throughout March and April 2012, McKellips began to experience great pain in her pelvis. The pain was so great at times that McKellips was immobilized and unable to walk. As a result of this pain, McKellips had to pace herself when she walked from the office parking lot into the office each day. The walk was so considerable for McKellips that she often had to take breaks during the walk just to make it into the office on time.

//

//

HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

4.7     In April 2012, Ms. Barrett began to grow impatient with McKellips and her

pregnancy.  On numerous occasions, Ms. Barrett urged Ms. McKellips to resign, told her that

"she should be at home with her other children", and even offered to demote her to a part-

time position.  On one specific occasion, Ms. Barrett actually gave McKellips a resignation

letter and asked her to simply "sign-it."  McKellips was always polite in refusing these

repeated, offensive, and illegal comments and requests.  When it was clear to Ms. Barrett that

McKellips was not going to resign her position or voluntarily reduce her working hours, on

account of her pregnancy, Ms. Barrett decided to take matters into her own hands.

4.8     From March to May 2012, Ms. Barrett repeatedly chastised McKellips for

arriving to work 1-2 minutes late.  Ms. Barrett was so determined to find a "legitimate

reason" to terminate McKellips' employment that she retroactively wrote McKellips up for

alleged tardies.  No other employee was subject to this type of treatment or retroactive

punishment.

4.9     Each time McKellips was hauled into Human Resources to answer to Ms.

Barrett's frivolous tardy allegations, she reiterated to Ms. Barrett that policy was not being

applied to her the way it was to other employees.  In fact, McKellips was being singled out

and treated differently because of her pregnancy.

4.10    Moreover, when McKellips tried to explain to Ms. Barrett that her few 1-2

minute tardies could be explained by her pregnancy complications, complications that

inflamed her pelvis and made it impossible for her to walk the lengthy distance to the

FIRST AMENDED COMPLAINT FOR DAMAGES - 4

building each day at the same pace as her colleagues, Ms. Barrett appeared largely disinterested.

4.11    While McKellips was able to arrive at work early, and start walking to the building earlier, she simply could not get into the building as fast as the others when she was returning from offsite meetings. Moreover, with her constant schedule changes, it was often hard to predict how early she would have to arrive at work to make the walk, without suffering additional injuries to her pelvis or in harming her unborn child.

4.12    McKellips even presented Ms. Barrett with a doctor's note, a note stating that McKellips condition was so severe that she would be required to take maternity leave 2 months early and be accommodated in the interim to reduce pelvic inflammation. McKellips pleaded with Ms. Barrett to allow her to park closer to the building, which would have helped her make it into the building quicker and reduced the pelvic pain associated with lengthy walking to and from the parking lot. Ms. Barrett unequivocally refused. Ms. Barrett told McKellips that, "pain is a part of every pregnancy" and that if she had "suggestions" about changes at work, she should "put them in the suggestion box."

4.13    Ms. Barrett's constant berating tone and discriminating demeanor towards McKellips also began to affect the staff's tone and demeanor towards McKellips. McKellips was told by colleagues that she "was a burden because of her pregnancy." She was also repeatedly told that she should just quit her job and go home to her children. Throughout this period, McKellips was made to suffer extreme physical and emotional distress.

FIRST AMENDED COMPLAINT FOR DAMAGES - 5

HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

4.14    On May 25, 2012, approximately five days before McKellips' doctor approved

maternity leave was scheduled to start, SAH terminated McKellips.

4.15    Defendant failed to engage in any analysis as to whether the additional 1-2

minutes of walking to work or parking closer to the building to reduce walk time was a

reasonable accommodation in light of McKellips severe pelvic inflammation and pregnancy

complications.

## V.    CAUSES OF ACTION

5.1    Plaintiff realleges paragraphs 1.1 through 4.15 of the Complaint and hereby

incorporates the same by reference.

5.2    The above facts state claims against Defendant for disability discrimination

and failure to accommodate, in violation of RCW 49.60 *et. seq.*, the Washington Law

Against Discrimination, and Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et. seq.*

5.3    The above facts state claims against Defendant for gender and pregnancy

discrimination, in violation of RCW 49.60 *et. seq.*, the Washington Law Against

Discrimination, and Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et. seq.*,

(including the federal Pregnancy Discrimination Act, as it amended Title VII).

5.4    Defendant's conduct thereby entitles Plaintiff to compensatory damages

including damages for lost pay and benefits, emotional distress, and attorneys' fees and costs.

FIRST AMENDED COMPLAINT FOR DAMAGES - 6

## VI.    PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief as follows:

A.    Damages for back pay, front pay, lost benefits, and medical expenses in an amount to be proved at trial;

B.    Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

C.    Prejudgment interest in an amount to be proved at trial;

D.    Compensation for any tax penalty associated with a recovery;

E.    Reasonable attorneys' fees and costs; and

F.    Whatever further and additional relief the court shall deem just and equitable.

Respectfully submitted this 11 day of January, 2013.

HKM EMPLOYMENT ATTORNEYS PLLC

s/Daniel Kalish
DANIEL KALISH, WSBA #35815
s/Lisa Burke
LISA A. BURKE, WSBA #42859
HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, WA 98101
Telephone: 206-838-2504
Fax: 206-260-3055
E-mail: dkalish@hkm.com
E-mail: lburke@hkm.com
Attorneys for Josephine Elva McKellips

FIRST AMENDED COMPLAINT FOR DAMAGES - 7

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2013, I e-filed the foregoing document with the Clerk of the Court. I also served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of this same document:

Michael Maddon
Bennett Bigelow & Leedom, P.S.
601 Union St., Suite 1500
Seattle, WA 98101-1363
Tel: 206-622-5511
Email: mmadden@bbllaw.com

    **X**  Legal Courier
_____ U.S. Mail (first-class, postage prepaid)
    **X**  E-Mail
_____ Facsimile

Karen R. Glickstein
Polsinelli Shughart PC
120 West 12th St., Suite 1600
Kansas City, MO 64105
Tel: 816-395-0638
Email: kglickstein@polsinelli.com
*Attorney Pro Hac Vice*

_____ Legal Courier
_____ U.S. Mail (first-class, postage prepaid)
    **X**  E-Mail
_____ Facsimile

Lynn Trevino-Legler
Polsinelli Shughart PC
120 West 12th St., Suite 1600
Kansas City, MO 64105
Tel: 816-360-4353
Email: ltrevinolegle@polsinelli.com
*Attorney Pro Hac Vice*

_____ Legal Courier
_____ U.S. Mail (first-class, postage prepaid)
    **X**  E-Mail
_____ Facsimile

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 11th day of January 2013, at Seattle, Washington.

*s/Soula Jones*_____
Soula Jones, Paralegal

FIRST AMENDED COMPLAINT FOR DAMAGES - 8

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

JOSEPHINE ELVA MCKELLIPS,

    Plaintiff,

 vs.

FRANCISCAN HEALTH SYSTEM, d/b/a ST. ANTHONY HOSPITAL,

    Defendant.

CASE NO. 12-2-34973-8

ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendant Franciscan Health System, d/b/a St. Anthony Hospital ("Defendant" or "The Hospital"), by and through its attorneys of record, and for its Answer to Plaintiff's Amended Complaint for Damages states as follows:

## I. **INTRODUCTION**

1.1 Defendant admits that Plaintiff has filed an Amended Complaint for Damages. Defendant denies that any illegal or discriminatory conduct occurred or that any cause of action exists and further denies that Plaintiff is entitled to any damages. Defendant denies any remaining allegations contained in Paragraph 1.1 of Plaintiff's Amended Complaint.

## II. **JURISDICTION AND VENUE**

2.1 Defendant admits that Plaintiff was employed in the State of Washington and denies the remaining allegations contained in Paragraph 2.1 of Plaintiff's Amended Complaint.

ANSWER TO PLAINTIFF'S AMENDED
COMPLAINT - Page 1

1       2.2     Defendant is without sufficient information to admit or deny the allegations

2 regarding Plaintiff's current residence and, therefore, denies each such allegation. Defendant

3 admits that venue is proper in this Court and that Franciscan Health Services transacts

4 business and has agents in King County and in Washington State. Defendant denies any

5 remaining allegations contained in Paragraph 2.2 of Plaintiff's Amended Complaint.

6               **III.**    **PARTIES**

7       3.1     Defendant is without sufficient information to admit or deny the allegations

8 regarding Plaintiff's current residence and, therefore, denies each such allegation. Defendant

9 admits that it previously employed Plaintiff in Pierce County, Washington.

10       3.2     Defendant admits the allegations contained in Paragraph 3.2 of Plaintiff's

11 Amended Complaint.

12               **IV.**    **FACTS**

13       4.1     Defendant admits that McKellips began her employment at the Hospital in

14 September 2011. Defendant denies the remaining allegations contained in Paragraph 4.1 of

15 Plaintiff's Amended Complaint.

16       4.2     Defendant is without sufficient information to admit or deny at what point

17 Plaintiff became aware that she was pregnant and, therefore, denies those allegations.

18 Defendant admits that Plaintiff worked at the Hospital between October 2011 and January

19 2012 and denies any remaining allegations contained in Paragraph 4.2 of Plaintiff's Amended

20 Complaint.

21       4.3     Defendant admits that Plaintiff notified her supervisor that she was pregnant at

22 some point during Plaintiff's pregnancy and that her due date was in approximately mid-July

23 2012. Defendant denies the remaining allegations contained in Paragraph 4.3 of Plaintiff's

24 Amended Complaint.

25

26

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511  F: (206) 622-8986

1    4.5[1]    [sic] Defendant denies the allegations contained in Paragraph 4.5 of Plaintiff's

2    Amended Complaint.

3    4.6    Defendant is without sufficient information to admit or deny the allegations

4    regarding alleged pain Plaintiff experienced in her pelvis and, therefore, denies the allegations

5    contained in Paragraph 4.6 of Plaintiff's Amended Complaint.

6    4.7    Defendant denies the allegations contained in Paragraph 4.7 of Plaintiff's

7    Amended Complaint.

8    4.8    Defendant admits that Barrett counseled McKellips throughout her

9    employment regarding tardiness issues.  Defendant denies the remaining allegations contained

10    in Paragraph 4.8 of Plaintiff's Amended Complaint.

11    4.9    Defendant denies the allegations contained in Paragraph 4.9 of Plaintiff's

12    Amended Complaint.

13    4.10    Defendant denies the allegations contained in Paragraph 4.10 of Plaintiff's

14    Amended Complaint.

15    4.11    Defendant is without sufficient information to admit or deny the allegations

16    contained in Paragraph 4.11 of Plaintiff's Amended Complaint and, therefore, denies each

17    such allegation.

18    4.12    Defendant admits that Barrett provided a doctor's note regarding her

19    anticipated maternity leave.   Defendant denies the remaining allegations contained in

20    Paragraph 4.12 of Plaintiff's Amended Complaint.

21    4.13    Defendant denies the allegations contained in Paragraph 4.13 of Plaintiff's

22    Amended Complaint.

23    4.14    Defendant admits that Plaintiff was discharged on May 25, 2012 and that her

24    doctor had submitted a note asking for her maternity leave to begin on or about May 30, 2012.

25    _____

26    [1] Plaintiff's Amended Complaint does not contain a Paragraph 4.4.

ANSWER TO PLAINTIFF'S AMENDED
COMPLAINT - Page 3

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511  F: (206) 622-8986

1  Defendant denies any remaining allegations contained in Paragraph 4.14 of Plaintiff's

2  Amended Complaint.

3      4.15    Defendant denies the allegations contained in Paragraph 4.15 of Plaintiff's

4  Amended Complaint.

5                    **V.    CAUSES OF ACTION**

6      5.1    To the extent that Paragraph 5.1 of Plaintiff's Amended Complaint purports to

7  incorporate previous allegations, Defendant hereby incorporates its previous answers,

8  including all denials.

9      5.2    Defendant denies the allegations contained in Paragraph 5.2 of Plaintiff's

10  Amended Complaint.

11     5.3    Defendant denies the allegations contained in Paragraph 5.3 of Plaintiff's

12  Amended Complaint.

13     5.4    Defendant denies the allegations contained in Paragraph 5.4 of Plaintiff's

14  Amended Complaint.

15     WHEREFORE, having fully answered the allegations contained in Plaintiff's

16  Amended Complaint, Defendant Franciscan Health System respectfully requests that this

17  Court issue its Order granting judgment in its favor, for its costs and fees incurred herein, and

18  for all such further relief as this Court deems just and proper.

19                    **VI.    PRAYER FOR RELIEF**

20     Defendant denies that Plaintiff is entitled to any damages and further denies that

21  Plaintiff's Amended Complaint states any claim.

22                    **VII.    AFFIRMATIVE DEFENSES**

23     1.    Each and every count contained in Plaintiff's Amended Complaint fails to state

24  a claim upon which relief may be granted.

25     2.    Plaintiff's claims are barred because any and all actions taken by Defendant

26  relating to Plaintiff's employment were taken for lawful, nondiscriminatory and/or other

ANSWER TO PLAINTIFF'S AMENDED
COMPLAINT - Page 4

1 legitimate business reasons, unrelated to her gender, pregnancy, or any alleged disability, or
2 any other prohibited consideration.

3      3.      If Plaintiff sustained damages, which is specifically denied, such injuries were
4 caused by others and not caused by Defendant.

5      4.      Plaintiff has failed to mitigate her damages, if any.

6      5.      This court lacks jurisdiction over Plaintiff's claims because she has failed to
7 exhaust her administrative remedies.

8      6.      Plaintiff's claims are barred by the doctrines of waiver, laches, res judicata,
9 and/or estoppel.

10      7.      To the extent Plaintiff's claims are based in whole or in part upon a "mixed
11 motive" claim and the finder-of-fact determines, based upon legally sufficient evidence, that
12 either gender, pregnancy or plaintiff's alleged disability, was a motivating factor in any
13 employment decision at issue (which Defendant absolutely denies), Defendant is entitled to
14 judgment, in whole or in part, because the same employment decisions would have been made
15 irrespective of whether these characteristics were considered.

16      8.      Plaintiff's claims are barred by all applicable statutes of limitation.

17      9.      Defendant denies that it engaged in any wrongful or unlawful conduct and
18 denies that Plaintiff is entitled to any legal and/or equitable relief.

19      10.      Plaintiff's claims are barred because Defendant is exempt from the provisions
20 of the Washington Law Against Discrimination, RCW 49.60, *et seq.*

21      11.      Plaintiff is not a disabled individual as that term is defined in the Washington
22 Law Against Discrimination.

23      12.      Any alleged disability possessed by the Plaintiff could not be reasonably
24 accommodated by Defendant.

25      13.      Plaintiff's claims for relief are barred because Defendant exercised reasonable
26 care in promulgating and distributing a comprehensive equal employment and on-

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511  F: (206) 622-8986

harassment/discrimination policy and complaint procedure and Plaintiff failed to reasonably take advantage of the corrective or preventative opportunities provided by Defendant or otherwise avoid harm.

14. Defendant reserves the right to respond further and to assert any additional affirmative defenses as they become evident through discovery or investigation, including the defense of after acquired evidence.

DATED this 1st day of February, 2013.

BENNETT BIGELOW & LEEDOM, P.S.

By: _____

Michael Madden (WSBA #8747)
Email: mmadden@bbllaw.com
601 Union Street, Suite 1500
Seattle, WA 98101
Telephone: (206) 622-5511
Facsimile: (206) 622-8986

POLSINELLI SHUGHART PC

By: _____

Karen R. Glickstein (MO Bar #37083)
Email: kglickstein@polsinelli.com
Twelve Wyandotte Plaza
120 W. 12th Street, Ste. 1600
Kansas City, MO 64105
Telephone: (816) 421-3355
Facsimile: (816) 374-0509

ATTORNEYS FOR DEFENDANT

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511  F: (206) 622-8986

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify under penalty of perjury under the laws of the State of Washington, that I am now, and at all times material hereto, a resident of the State of Washington, over the age of 18 years, not a party to, nor interested in, the above-entitled action, and competent to be a witness herein. I caused a true and correct copy of the foregoing pleading to be served this date, in the manner indicated, to the parties listed below:

Daniel Kalish, WSBA #35815
Lisa Burke, WSBA #42859
HKM Employment Attorneys PLLC
1325 Fourth Avenue, Ste 540
Seattle, WA 98101
Fax: (206) 260-3055
email:  dkalish@hkm.com
         lburke@hkm.com

☐  Hand Delivered
☐  Facsimile
☒  U.S. Mail
☒  Email
☐  CM/ECF

Dated this 1st day of February, 2012, at Seattle, Washington.

_Gerri Downs_
Gerri Downs
Legal Assistant

{1852.00053/M0753634.DOCX; 1}

ANSWER TO PLAINTIFF'S AMENDED
COMPLAINT - Page 7

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511  F: (206) 622-8986