HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPHINE ELVA MCKELLIPS,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCAN HEALTH SYSTEM,<br><br>Defendant. | CASE NO. C13-5096 RBL<br><br>ORDER CHANGING VENUE TO SEATTLE DIVISION |

THIS MATTER is before the Court on its own motion, following the Defendant's Notice of Removal of the case from King County Superior Court to the Western District of Washington, Tacoma division [Dkt. #1].

Venue in a removal case is governed by 28 U.S.C. § 1441(a). Under this statute, when a defendant removes an action from a state court, venue is automatically proper in the federal "district and division" located where the state action was filed. 28 U.S.C. § 1441(a). Because this case was removed from state court, § 1441 applies. *See, e.g.*, *Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663 (1953) ("The venue of removed actions is governed by 28 U.S.C. § 1441(a)…."); *Kerobo v. Southwestern Clean Fuels,* 285 F.3d 531, 534-36 (6th Cir. 2002) (same); *Kotan v. Pizza Outlet, Inc.,* 400 F.Supp.2d 44, 46 (D.D.C. 2005) (same); *Dunn v. Babco Textron*, 912 F. Supp. 231, 234 (E.D. Tex. 1995) (same). This is also the view of the major treatises on federal practice. *See, e.g.*, 14C

Charles Alan Wright et al., *Federal Practice and Procedure* § 3726, at 123-24 (3d ed.1998) (venue in removal actions is governed by § 1441); Karl Oakes, *Federal Procedure, Lawyers Edition*, 29A Fed. Proc., L. Ed. § 69:11 (same).

Local Rule 5(d) should not be interpreted to permit defendants to choose venue between the Seattle and Tacoma divisions when removing an action from state court. See such an interpretation of the local rule would conflict with and undermine § 1441. *See Mann v Geico General Insurance Co.*, C12-0909JCC (W.D. Wash. June 22, 2012 [Dkt. #14]), *citing Garcia v. Courtesy Ford*, C06-0855RSL, 2006 WL 2439815 at *1 (W.D. Wash. Aug. 22, 2006).

It is possible that venue in the Tacoma division would be more convenient, or that the case could have been initially brought in a county from which removal to the Tacoma division would have been proper. That, however, is matter for discretionary venue transfer under 28 U.S.C. § 1404. If a party so chooses, it may seek such a transfer, after this case is assigned to the appropriate removal division under 28 U.S.C. § 1441(a).

This case is TRANSFERRED to the Seattle Division of the Western District of Washington.

IT IS SO ORDERED.

Dated this 15th day of February, 2013.

*/s/ Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE