HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPHINE ELVA MCKELLIPS,<br><br>Plaintiff,<br><br>vs.<br><br>FRANCISCAN HEALTH SYSTEM d/b/a ST. ANTHONY HOSPITAL,<br><br>Defendant. | CASE NO.: 3:13-CV-05096 MJP<br><br>**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES** |

## I.  INTRODUCTION

1.1  Plaintiff Josephine Elva McKellips ("McKellips" or "Plaintiff") requests damages and attorneys' fees and costs for the wrongful conduct of Franciscan Health System d.b.a. St. Anthony Hospital ("Defendant" or "SAH"). Defendant terminated McKellips' employment for illegal and discriminatory reasons causing severe damages.

//

//

SECOND AMENDED COMPLAINT
FOR DAMAGES - 1

**HKM Employment Attorneys pllc**
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

## II. JURISDICTION AND VENUE

2.1 This Court has jurisdiction over this action pursuant to RCW 49.60, and since some of the actions by Defendant alleged in this Complaint occurred in the State of Washington.

2.2 Venue is proper because the Defendant transacts business and has agents within King County and Washington State. The Plaintiff currently resides in San Diego, California.

## III. PARTIES

3.1 Plaintiff is an individual residing in San Diego, California. Plaintiff was employed by Defendant in Pierce County, Washington during the relevant time period.

3.2 Defendant is a nonprofit organization, incorporated in the state of Washington. Defendant conducts business throughout King and Pierce Counties and Washington State.

## IV. FACTS

4.1 McKellips was a key contributor of SAH's talented team. After joining the company in September of 2011, McKellips was recognized for her talents and initiatives. In fact, prior to reporting her pregnancy and disability, McKellips received superlative performance evaluations and was consistently lauded for her efforts.

4.2 McKellips became aware that she was pregnant in or around October 2011, shortly after starting her employment with SAH. At that time, McKellips did not immediately announce her pregnancy. McKellips wanted to wait and announce her

SECOND AMENDED COMPLAINT
FOR DAMAGES - 2

**HKM E**MPLOYMENT **A**TTORNEYS **PLLC**
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

pregnancy when it was safe to do so. Thus, from October 2011 to January 2012, McKellips continued to work and excel at SAH.

4.3 In January 2012, as McKellips began her second trimester, she informed her supervisor, Lynn Barrett, that she was expecting a child. McKellips explained to Ms. Barrett that her child would be due around mid July 2012. She also informed Ms. Barrett that the pregnancy would not affect her work ethic. At that time, McKellips had a perfect performance record.

4.5 In February 2012, McKellips' work schedule began to fluctuate, due to changing department needs. As a result, McKellips morning clock-in times changed, as did her offsite meeting times. McKellips was always willing to adjust her working hours and conditions to meet SAH's needs; she never complained and never expected to receive special treatment on account of her pregnancy.

4.6 As her pregnancy progressed, throughout March and April 2012, McKellips began to experience great pain in her pelvis. The pain was so great at times that McKellips was immobilized and unable to walk. As a result of this pain, McKellips had to pace herself when she walked from the office parking lot into the office each day. The walk was so considerable for McKellips that she often had to take breaks during the walk just to make it into the office on time.

**HKM EMPLOYMENT ATTORNEYS PLLC**
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

4.7 In April 2012, Ms. Barrett began to grow impatient with McKellips and her pregnancy. On numerous occasions, Ms. Barrett urged Ms. McKellips to resign, told her that "she should be at home with her other children", and even offered to demote her to a part-time position. On one specific occasion, Ms. Barrett actually gave McKellips a resignation letter and asked her to simply "sign-it." McKellips was always polite in refusing these repeated, offensive, and illegal comments and requests. When it was clear to Ms. Barrett that McKellips was not going to resign her position or voluntarily reduce her working hours, on account of her pregnancy, Ms. Barrett decided to take matters into her own hands.

4.8 From March to May 2012, Ms. Barrett repeatedly chastised McKellips for arriving to work 1-2 minutes late. Ms. Barrett was so determined to find a "legitimate reason" to terminate McKellips' employment that she retroactively wrote McKellips up for alleged tardies. No other employee was subject to this type of treatment or retroactive punishment.

4.9 Each time McKellips was hauled into Human Resources to answer to Ms. Barrett's frivolous tardy allegations, she reiterated to Ms. Barrett that policy was not being applied to her the way it was to other employees. In fact, McKellips was being singled out and treated differently because of her pregnancy.

4.10 Moreover, when McKellips tried to explain to Ms. Barrett that her few 1-2 minute tardies could be explained by her pregnancy complications, complications that inflamed her pelvis and made it impossible for her to walk the lengthy distance to the

SECOND AMENDED COMPLAINT
FOR DAMAGES - 4

building each day at the same pace as her colleagues, Ms. Barrett appeared largely disinterested.

4.11 While McKellips was able to arrive at work early, and start walking to the building earlier, she simply could not get into the building as fast as the others when she was returning from offsite meetings. Moreover, with her constant schedule changes, it was often hard to predict how early she would have to arrive at work to make the walk, without suffering additional injuries to her pelvis or in harming her unborn child.

4.12 McKellips even presented Ms. Barrett with a doctor's note, a note stating that McKellips condition was so severe that she would be required to take maternity leave 2 months early and be accommodated in the interim to reduce pelvic inflammation. McKellips pleaded with Ms. Barrett to allow her to park closer to the building, which would have helped her make it into the building quicker and reduced the pelvic pain associated with lengthy walking to and from the parking lot. Ms. Barrett unequivocally refused. Ms. Barrett told McKellips that, "pain is a part of every pregnancy" and that if she had "suggestions" about changes at work, she should "put them in the suggestion box."

4.13 Ms. Barrett's constant berating tone and discriminating demeanor towards McKellips also began to affect the staff's tone and demeanor towards McKellips. McKellips was told by colleagues that she "was a burden because of her pregnancy." She was also repeatedly told that she should just quit her job and go home to her children. Throughout this period, McKellips was made to suffer extreme physical and emotional distress.

**HKM EMPLOYMENT ATTORNEYS PLLC**
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

4.14 On May 25, 2012, approximately five days before McKellips' doctor approved maternity leave was scheduled to start, SAH terminated McKellips.

4.15 Defendant failed to engage in any analysis as to whether the additional 1-2 minutes of walking to work or parking closer to the building to reduce walk time was a reasonable accommodation in light of McKellips severe pelvic inflammation and pregnancy complications.

## V. CAUSES OF ACTION

5.1 Plaintiff realleges paragraphs 1.1 through 4.15 of the Complaint and hereby incorporates the same by reference.

5.2 The above facts state claims against Defendant for disability discrimination and failure to accommodate, in violation of RCW 49.60 *et. seq.*, the Washington Law Against Discrimination, and the Americans with Disabilities Act, 42 U.S. § 12101 *et seq.*

5.3 The above facts state claims against Defendant for gender and pregnancy discrimination, in violation of RCW 49.60 *et. seq.*, the Washington Law Against Discrimination, and Title VII of the 1964 Civil Rights Act, 42 U.S. 2000e *et. seq.*, (including the federal Pregnancy Discrimination Act, as it amended Title VII).

5.4 Defendant's conduct thereby entitles Plaintiff to compensatory and statutory damages including damages for lost pay and benefits, emotional distress, and attorneys' fees and costs.

HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

## VI. PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief as follows:

A. Damages for back pay, front pay, lost benefits, and medical expenses in an amount to be proved at trial;

B. Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

C. Prejudgment interest in an amount to be proved at trial;

D. Compensation for any tax penalty associated with a recovery;

E. Reasonable attorneys' fees and costs;

F. Statutory punitive damages; and

G. Whatever further and additional relief the court shall deem just and equitable.

Respectfully submitted this 14th day of May, 2013.

**HKM EMPLOYMENT ATTORNEYS PLLC**

<u>s/*Daniel Kalish*</u>
DANIEL KALISH, WSBA #35815
<u>*s/Lisa Burke*</u>
LISA A. BURKE, WSBA #42859
**HKM EMPLOYMENT ATTORNEYS PLLC**
1325 Fourth Avenue, Suite 540
Seattle, WA 98101
Telephone: 206-838-2504
Fax: 206-260-3055
E-mail: dkalish@hkm.com
E-mail: lburke@hkm.com
*Attorneys for Josephine Elva McKellips*

SECOND AMENDED COMPLAINT
FOR DAMAGES - 7

**HKM EMPLOYMENT ATTORNEYS PLLC**
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

# CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2013, I e-filed the foregoing document with the Clerk of the Court. I also served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of this same document:

Michael Maddon
Bennett Bigelow & Leedom, P.S.
601 Union St., Suite 1500
Seattle, WA 98101-1363
Tel: 206-622-5511
Email: mmadden@bbllaw.com

      Legal Courier
      U.S. Mail (first-class, postage prepaid)
      E-Mail
**X** Via ECF Filing

Karen R. Glickstein
Polsinelli Shughart PC
120 West 12th St., Suite 1600
Kansas City, MO 64105
Tel: 816-395-0638
Email: kglickstein@polsinelli.com
*Attorney Pro Hac Vice*

      Legal Courier
      U.S. Mail (first-class, postage prepaid)
**X** E-Mail
      Via ECF Filing

Lynn Trevino-Legler
Polsinelli Shughart PC
120 West 12th St., Suite 1600
Kansas City, MO 64105
Tel: 816-360-4353
Email: ltrevinolegle@polsinelli.com
*Attorney Pro Hac Vice*

      Legal Courier
      U.S. Mail (first-class, postage prepaid)
**X** E-Mail
      Via ECF Filing

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 14th day of May 2013, at Seattle, Washington.

                    *s/Sasha Forbes*
                    Sasha Forbes, legal assistant

SECOND AMENDED COMPLAINT
FOR DAMAGES - 8

**HKM EMPLOYMENT ATTORNEYS PLLC**
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504